UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT DIAZ,

      Petitioner,

  - against -

JAMES T. CONWAY, Superintendent,
Attica Correctional Facility,

      Respondent.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/08

04 Civ. 5062 (RMB) (HBP)

**DECISION & ORDER**

## I. Background

On or about June 1, 2004, Robert Diaz ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against James T. Conway, Superintendent of the Attica Correctional Facility ("Respondent"), challenging his October 6, 1999 conviction, following a jury trial, in New York State Supreme Court, Bronx County, for one count each of murder in the first degree, attempted murder in the second degree, assault in the second degree, and robbery in the second degree, in violation of New York Penal Law §§ 125.27(1)(a), 125.25(3), 120.05(6) and 160.15(2), respectively. (Petition at 2.) On October 6, 1999, Petitioner was sentenced to a term of life imprisonment without parole. Id.

On March 4, 2003, the Appellate Division, First Department, affirmed Petitioner's conviction, holding that Petitioner's "challenge to certain comments made by the prosecutor during summation is unpreserved" and Petitioner's "ineffective assistance of counsel claim is unreviewable on direct appeal since it primarily involves questions of trial strategy and matters outside the record." People v. Diaz, 303 A.D.2d 167, 167-68 (1st Dep't 2003). On April 3, 2003, the New York State Supreme Court, Bronx County, denied Petitioner's motion to vacate his conviction pursuant to NYCPL § 440.10 ("440.10 Motion"). (Report at 12.) On July 8,

2003, the New York Court of Appeals denied leave to appeal. People v. Diaz, 100 N.Y.2d 580, 796 N.E.2d 482, 764 N.Y.S.2d 390 (2003).

On May 6, 2008, Magistrate Judge Henry B. Pitman, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the Court deny the Petition because, among other things, (1) "Petitioner's claim concerning the prosecution's comment during summation should be denied as procedurally barred"; (2) many of "[P]etitioner's ineffective assistance claims are not only unexhausted, they are also procedurally barred"; and (3) as to Petitioner's exhausted ineffective assistance claims, Petitioner cannot show that "but for [trial] counsel's performance, the outcome of the trial would have been different." (Report at 18, 36, 57.)

The Report stated that "pursuant to 28 U.S.C § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections." (Report at 72.) To date, neither party has submitted objections.

## II. Standard of Review

The Court may adopt those sections of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). Where, as here, a petitioner is proceeding pro se, the Court will "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III. Analysis

The Court has conducted a review of the Report and applicable legal authorities and finds that Judge Pitman's determinations and recommendations are neither clearly erroneous nor contrary to law and, in fact, are supported by the law in all respects. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

### (1) Prosecutorial Misconduct Claim

Judge Pitman properly concluded that Petitioner's "claims that the [t]rial [c]ourt erred by permitting the prosecution . . . to make improper statements in summation . . . should be rejected as procedurally barred" because "trial counsel did not make a contemporaneous specific objection as required by New York Criminal Procedure Law Section 470.05(2)." (Report at 16, 22.) Petitioner fails to "demonstrate cause for [trial counsel's] default" and does not show that he experienced "actual prejudice as a result of the alleged violation." (Report at 26); see Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### (2) Unexhausted Claims

Judge Pitman properly concluded that many of Petitioner's claims are "abandoned and unexhausted" because Petitioner failed to appeal all of the claims in his 440.10 Motion. (Report at 34-36); see also 28 U.S.C. § 2254; Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001); Jordan v. Lefevre, 206 F.3d 196, 198-99 (2d Cir. 2000).

### (3) Exhausted Claims

Judge Pitman correctly determined that Petitioner is unable to show that his counsel's alleged "deficient performance prejudiced the defense" as "to deprive Petitioner of a fair trial."

(Report at 48); see Strickland v. Washington, 466 U.S. 668, 686-87, 689 (1984); see also United States v. Abad, 514 F.3d 271, 275 (2d Cir. 2008).

## IV. Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing, and a certificate of appealability is neither warranted nor appropriate. Any appeal from this Decision & Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

## V. Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Report in its entirety and denies the Petition. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
June 17, 2008

_____
RICHARD M. BERMAN, U.S.D.J.